IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMANDA U. AJULUCHUKU,                )
                                     )
                Plaintiff,           )
                                     )
           v.                        )    1:07CV69
                                     )
GEORGE MARK STACEY,                  )
                                     )
                Defendant.           )

**ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Plaintiff seeks to proceed in forma pauperis. In so doing, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(e). For frivolous or malicious review, the Court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319. The Court may consider the de minimis value of the relief sought as a factor which bears on the issue of frivolity. Nagy v. FMC Butner, 376 F.3d 252 (4th Cir. 2004).

A plaintiff fails to state a claim when it appears certain that he or she cannot prove any set of facts which would entitle him or her to relief. The Court must accept all well-pled allegations and review the complaint in a light most favorable to the plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,

1134 (4th Cir. 1993). However, facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989).

To start, Plaintiff has submitted a defective pleading. Pursuant to Fed. R. Civ. P. 8, Plaintiff must state the basis for the Court's jurisdiction. Plaintiff bases her complaint on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. However, scattered throughout the complaint are other frivolous bases for jurisdiction, such as federal question, 28 U.S.C. § 1331, civil rights, 42 U.S.C. § 1983, as well as claims that she has brought an action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and Title VII for racial discrimination, 42 U.S.C. § 2000. However, nothing in the paperwriting remotely suggests any basis for federal jurisdiction pursuant to these statutes, as will be discussed soon.

Second, the complaint must be a short and plain statement of facts giving rise to the complaint. Instead, Plaintiff's complaint is prolix, verbose, and majorly not understandable. It rambles for nine pages with meaningless references to matters not remotely related to the Defendant. The verbosity and the heaps of irrelevant detail hide, rather than disclose, any basis for a complaint. Brown v. Califano, 75 F.R.D. 497 (D.D.C. 1977). This type of complaint conceals, rather than reveals, the facts necessary to understand it, and which would enable a defendant to respond to it. Id.; In re Buffets, Inc. Securities Litigation, 906 F. Supp. 1293 (D. Minn. 1995). The proper disposition of a complaint which is verbose, redundant, confusing, ambiguous,

unintelligible, prolix, or argumentative is to strike and dismiss it. Brown, 75 F.R.D. 497. With such deficiencies, it is not right that a plaintiff not pay the filing fees, but use the court to harass the defendant by submitting such a complaint.

The only facts relating to alleged Defendant George Mark Stacey is Plaintiff's allegation that on December 16, 2006 this Defendant falsely imprisoned her in his automobile when he tried to force her into his car. However, she admits that she refused. Obviously, there were was no imprisonment at all. Moreover, Plaintiff admits that a week later, she voluntarily telephoned the Defendant and told him that she would have coffee with him. In addition, she moved into Defendant's house even though she knew he was interested in her sexually, according to Plaintiff. She says that sometime in December, she became sick, but Defendant refused to take her to the hospital. According to Plaintiff, he locked her luggage in the house and did not give her the key, yet she was able to talk to a police officer and actually went to the hospital and then telephoned Defendant to have him pick her up. All this even though Plaintiff claims Defendant subjected her to emotional distress.

Plaintiff next complains that Defendant wanted to have sex with her, but she refused, and even though she claims to have no money, she has a cell phone and called the Reidsville Police Department. The officers told Defendant that he would have to go to court in order to serve Plaintiff with eviction papers. Defendant was finally able to get Plaintiff out of the house on

-3-

January 6, 2007 and when Plaintiff again called the police, they told her to leave.

None of these allegations show the slightest basis for a federal complaint. This Court does not have diversity of citizenship jurisdiction over Plaintiff and Defendant, nor has Plaintiff stated any basis for a federal cause of action. She randomly throws in the fact that she is disabled. She claims that she injured her brain as a child and once received disability. It is not clear whether she still receives disability and, therefore, has filed a false affidavit by failing to disclose that.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed <u>in forma pauperis</u> (docket no. 1) is granted for the purpose of filing this Order and Recommendation, but otherwise is denied.

**IT IS RECOMMENDED** that this action be dismissed for being frivolous and malicious, and for failing to state a cause of action.

_____
United States Magistrate Judge

March 5, 2007